IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

KRISTIE BROWN and          §
COLLEEN SUE SMITH          §
                           §
VS.                        §          ACTION NO. 4:09-CV-193-Y
                           §
CITY OF ARLINGTON, TEXAS   §

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Pending before the Court is defendant City of Arlington, Texas' ("the City") Motion to

Dismiss (doc. # 11), filed April 30, 2009.  The Court GRANTS the motion.


I.  BACKGROUND[1]

On March 13, 2007, plaintiff Colleen Sue Smith was a passenger in a car driven by her

husband.  The Smiths were involved in a wreck with another car driven by an off-duty Arlington

police officer.  During the initial investigation, an eyewitness to the wreck told the investigating

officer, Michael Zamora, that the off-duty police officer crossed the center line and hit the

Smiths' car.  Zamora, under discretionary authority granted by a City policy, determined that the

eyewitness was not credible and did not include this information in the report.  The report

concluded that the wreck was caused by Smith's husband.

On May 14, 2007, Smith filed suit against the off-duty police officer involved in the

wreck ("the underlying suit").  During discovery, Smith submitted an open-records request to the

City requesting information regarding the wreck and subsequent investigation.  The City gave

Smith pictures of the wreck and the accident report, but did not provide the eyewitness

_____

[1]The factual allegations are primarily taken from the plaintiffs' second amended complaint and are
assumed to be true for purposes of the City's motion to dismiss under Rule 12(b)(6). *See Campbell
v. Wells Fargo Bank,* 781 F.2d 440, 442 (5th Cir. 1986).

information.  On May 12, 2008, Smith deposed Zamora and learned about the eyewitness.  After

the deposition, the off-duty officer's insurance company settled the underlying suit for the policy

limits.

On March 12, 2009, Smith and her daughter, plaintiff Kristie Brown, filed suit against the

City in a state court, which the City removed to this Court.  Smith raises claims for violations of

(1) her due-process rights by depriving her of her property and liberty interest in the underlying

suit and (2) her rights to open access to the courts under the Texas Constitution.  She argues that

these rights were violated by the City's policy and by its failure to provide Smith with the

eyewitness report in response to her open-records request.  Smith also seeks a declaratory

judgment that the City policy used to justify omission of the eyewitness's statement is unlawful

and unconstitutional and she demands an injunction against the City to stop its further

application.  Brown raised a bystander claim for mental-anguish damages, which she later

voluntarily dismissed.  The City requests that this Court dismiss Smith's claims because they do

not state a claim upon which relief can be granted.  *See* FED. R. CIV. P. 12(b)(6).


## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint that fails

"to state a claim upon which relief can be granted."  This rule must, however, be interpreted in

conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in

federal court.  Rule 8(a) calls for "a short and plain statement of the claim showing that the

pleader is entitled to relief."  FED. R. CIV. P. 8(a); *see also Swierkiewicz v. Sorema N.A.*, 534

U.S. 506, 508 (2002) (holding Rule 8(a)'s simplified pleading standard applies to most civil

actions).  As a result, "[a] motion to dismiss for failure to state a claim is viewed with disfavor

2

and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).  The Court must accept as true all well pleaded, non-conclusory allegations in the complaint and liberally construe the complaint in favor of the plaintiff.  *See id.*

The plaintiff must, however, plead specific facts, not mere conclusory allegations, to avoid dismissal.  *See Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).  Indeed, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," and her "factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547, 556 (2007).

## III.  DISCUSSION

First, the Court notes that Smith uses a significant portion of her response to assert that the City is not entitled to immunity from her claims.  The City points out that it has not raised immunity nor is it relying on immunity in seeking dismissal of Smith's claims.  Thus, the Court will not address immunity.

Smith argues that the City violated her constitutional right to open-court access (1) through its policy allowing police officers to omit accident information at their discretion and (2) when it failed to fully respond to her open-records request.  The right of access, at its core, protects one's physical access to the court.  *See Crowder v. Sinyard*, 884 F.2d 804, 811 (5th Cir. 1989).  But the violation Smith Complaints of does not consist of an impediment to her ability to file suit but rather a hindrance to adequate, effective, or meaningful access.  *See id.*  The right of access is "a facilitative right . . . designed to ensure that a citizen has the opportunity to exercise . . . her legal rights to present a cognizable claim to the appropriate court and, if that claim is

meritorious, to have the court make a determination to that effect and order the appropriate relief." *Id.* at 814.  Thus, the denial of meaningful access occurs if the ability to file suit was delayed or completely blocked.  *See Foster v. City of Lake Jackson*, 28 F.3d 425, 430 & n.8 (5th Cir. 1994) (addressing first prong in qualified-immunity analysis).[2]  Smith alleges no facts that show she was impeded or entirely stopped from filing the underlying suit in the court of her choice.

Smith also contends that the City's actions and policy violated her constitutional liberty and property interests to due process regarding the underlying suit.   Regarding the policy, Smith's claim is actually that she had a property and liberty interest protected by due process in an accurate and complete police report.  As compellingly argued by the City, Smith does not have a property right in an accurate police report; thus, there can be no due-process violation. *See, e.g., Town of Castle Rock v. Gonzales*, 545 U.S. 748, 761, 766-68 (2005).  (Mot. 4-6; Reply 2-5.)  Regarding the City's failure to produce the eyewitness information in response to Smith's open-records request, Smith asserts that the Texas Public Information Act ("the TPIA") created a property and liberty interest in requesting and receiving information from the City.   But the TPIA does not create such interests, which is fatal to Smith's constitutional claim.  *Cf. Johnson v. Exec. Office for United States Attorneys*, 310 F.3d 771, 777 (D.C. Cir. 2002) (rejecting constitutional claim based on federal Freedom of Information Act because federal act contained enforcement remedies); *Brown v. City of Milwaukee*, 288 F. Supp. 2d 962, 983 (E.D. Wis. 2003) (rejecting liberty-interest claim based on state open-records law); *Anderson v. Blake*, No. CIV-

---

[2]Although Smith attempts to distinguish *Foster*, such arguments are not compelling. (Sur-reply 2-3.)

05-729-HE, 2008 WL 2404040, at *3 (W.D. Okla. June 10, 2008) (rejecting claim that state open-records act created cognizable property interest for purposes of due process).

Because Smith's due-process and open-access claims fail, there is no basis upon which a declaratory judgment or injunction could be granted.  *See* 28 U.S.C. § 2201; *Johnson v. Onion*, 761 F.2d 224, 225 (5th Cir. 1985).  These claims are subject to dismissal as well.


## IV.  CONCLUSION

Taking Smith's allegations as true, this Court is disappointed in the City's conduct in failing to turn over information to Smith in the underlying suit.  But being shocked or even morally outraged is not tantamount to the creation of a liberty or property interest sufficient to authorize a constitutional due-process or open-access claim.  *See Foster*, 28 F.3d at 430.  Smith's complaint, assumed correct, does not bring a claim upon which relief may be granted by this Court.  Thus, dismissal is appropriate under Rule 12(b)(6).

SIGNED July 16, 2009.


*Terry R. Means*
_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE